## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

International Union of Painters and Allied
Trades District Council 21 Welfare Fund, et
al.,

                *Plaintiffs,*

    v.

Arline Construction Services, LLC,

                *Defendant.*

CIVIL ACTION
NO. 21-3862

**Pappert, J.**                                                            **October 23, 2024**

### MEMORANDUM

International Union of Painters and Allied Trades District Council 21 Welfare Fund and its fiduciary Bernie Snyder[1] sued Arline Construction Services under the Employee Retirement Income Security Act (ERISA) for violating a collective bargaining agreement by failing to make required contributions to the Fund and failing to participate in an audit. Arline failed to respond or otherwise participate, so Plaintiffs obtained an entry of default and moved for a default judgment under Rule 55(b)(2). On November 1, 2022, the Court granted the motion in part and ordered Arline to turn over all books and records necessary for Plaintiffs to conduct an audit to determine the amount Arline owed. Having conducted the audit, Plaintiffs move again for a default judgment, this time seeking $204,274.78 in delinquent contributions, interest, liquidated damages, audit costs, litigation costs and attorneys' fees. The Court grants the motion.

---

[1]    The fiduciary listed in the complaint is Joseph Ashdale, but Bernie Snyder became the Fund's Fiduciary on August 1, 2024.

I

The Welfare Fund is multiemployer plan under ERISA.  (Compl. ¶ 4, ECF No. 1.)
The Welfare Fund and its fiduciary, Snyder, are fiduciaries of District Council 21's
other associated funds, all of which are also multiemployer plans under ERISA.  (*Id.*
¶ 6.)  Arline is party to a collective bargaining agreement requiring it to make monthly
contributions to the Welfare Fund and the other associated funds.  (*Id.* ¶ 13.)  Arline's
required contributions vary depending on the number of hours worked by its employees
during a given month, hours that Arline is required to track and report to the funds.
(*Id.* ¶ 16.)  Plaintiffs believed that Arline was underreporting its employees' hours and
accordingly underpaying its contributions, so Plaintiffs requested (as they were entitled
to do under the CBA) Arline to submit to an audit.  (*Id.* ¶¶ 16, 19, 20.)

When Arline refused, Plaintiffs filed this lawsuit and obtained a default
judgment ordering Arline to turn over its books and records for an audit.  *Int'l Union of
Painters & Allied Trades Dist. Council 21 Welfare Fund v. Arline Constr. Servs., LLC*,
No. 21-3862, 2022 WL 16578284, at *4 (E.D. Pa. Nov. 1, 2022).  After Arline turned did
so, accounting firm Novak Francella performed an audit on Plaintiffs' behalf.  (Payroll
Compliance Review, ECF No. 23-2.)  The audit covered the period from September 1,
2019 through December 31, 2022 and confirmed Plaintiffs' allegation that Arline had
underreported hours and underpaid contributions.  *See* (*id.*)

II[2]

Before entering a default judgment, the Court must "ascertain whether the unchallenged facts constitute a legitimate cause of action." *Serv. Emps. Int'l Union v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018) (quotation marks omitted). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted).

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc.*, 908 F.2d at 1149. "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Allstate Ins. Co. v. Nw. Med.*, No. 23-2480, 2023 WL 7185566, at *3 (E.D. Pa. Oct. 31, 2023) (internal citation omitted). It is within the Court's discretion "to decide whether further evidence or a hearing is necessary to ascertain if the evidence contained in affidavits and documents in the record is sufficient to establish damages." *Id.* (citing Fed. R. Civ. P. 55(b)).

III

Where a CBA requires an employer to contribute to a multiemployer plan, the employer must do so in accordance with the CBA's terms. 29 U.S.C. § 1145. Arline

---

[2]       The Court explained in its November 2022 opinion that Plaintiffs properly effected service on Arline and that the Court has both subject-matter and personal jurisdiction. *Dist. Council 21 Welfare Fund*, No. 21-3862, 2022 WL 16578284, at *2 (E.D. Pa. Nov. 1, 2022).

failed to comply with the terms of the CBA when it underreported its employees' hours and accordingly underpaid its required contributions. (Compl. ¶20); (Payroll Compliance Review.) Arline thus violated its duties under § 1145.

When a court enters judgment in favor of a plan in an action under § 1145, the court must award

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is determined by using the rate set forth in the CBA. *Id.*

Plaintiffs submitted the audit report by Novak Francella, which details to the Court's satisfaction the total amounts Arline owes in unpaid contributions from the period of September 1, 2019 to December 31, 2022, and the attendant interest and liquidated damages. *See* (Payroll Compliance Review 3–6.) Arline owes $140,193.46 in unpaid contributions, $28,845.32 in interest, and $28,038.69 in liquidated damages.

(*Id.* at 2.)  The audit also establishes $2,487.26 in audit costs, which the CBA requires Arline to pay.  (Compl. ¶ 16(c).)

Plaintiffs also submitted the affidavit of their attorney Maureen W. Marra in support of the requested attorneys' fees.  Courts determine reasonable attorneys' fees using the lodestar—the product of a reasonable hourly rate and the number of hours reasonably expended.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  The requesting party must support its request with evidence.  *Id.*  Once the requester does so, the Court "cannot decrease a fee award based on factors not raised at all by an adverse party."  *Id.*  Marra's affidavit contains sufficient evidence of her experience to support the requested rate of $375 per hour, and it contains evidence of billing entries sufficient to support the 12.3 hours she spent on this litigation.  (Marra Decl. ¶ 5, ECF No. 23-1); (Marra Billing Entries, ECF No. 23-3.)  Arline having not objected to the fee request, Plaintiffs are entitled to reimbursement of the requested $4,612.50 in attorneys' fees.  They are also entitled to $97.55 in litigation costs.  *See* (Marra Billing Entries.)

Arline thus owes the Plaintiffs $204,274.78.

V

The Court must also evaluate three additional factors before granting a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F. 3d 154, 164 (3d Cir. 2000).  When the defendant has failed to appear, evaluation of the factors tends to be "perfunctory" because "the analysis is necessarily one sided."  *Joe Hand Promotions, Inc. v. Yakubets*,

3 F. Supp. 3d 261, 272 (E.D. Pa. 2014).  Taken together, the factors here favor granting default judgment.

The first factor favors default judgment because a plaintiff will generally always "be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate [them]." *United States v. Tran*, No. 21-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotation marks omitted).  A defendant's failure to participate at all "portend[s] an indefinite delay without default judgment."  *Id.*; *see also Chamberlain*, 210 F.3d at 164 (finding no prejudice to plaintiff where defendant answered late, but still answered).  Arline has failed to appear or otherwise defend since this suit began in August 2021, so the first factor favors default judgment.

The second factor favors a default judgment because "the court may presume that an absent defendant who has failed to answer has no meritorious defense." *Joe Hand*, 3 F. Supp. 3d at 271–72 (adding that "it is not the court's responsibility to research the law and construct the parties' arguments for them").

The third factor is at least neutral and at most favors default judgment.  Some courts deem the third factor neutral where the defendant's motivations for not participating in the litigation are unclear.  *See State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015).  Others have found the failure to engage in litigation sufficient to satisfy culpable conduct.  *See Penumella v. Pham*, No. 22-1197, 2023 WL 9004918, at *5 (E.D. Pa. Dec. 28, 2023).  Whether this factor is neutral or favors default judgment, the overall balance favors granting Plaintiffs' motion.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.